TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

*Attorneys for Plaintiff,*
*Christian Moosman,*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christian Moosman, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation; Equifax Information Services, LLC, a Georgia corporation; Mountain America Federal Credit Union, a foreign corporation; and N.A.R., Inc., also known as North American Recovery, Inc., a Utah corporation, | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, CHRISTIAN MOOSMAN, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"]), the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Phoenix, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona;

b. Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains registered agent in Maricopa County, Arizona;

c. Mountain America Federal Credit Union ("Mountain America"), which is a foreign entity which, upon information and belief, maintains offices in Utah; and

d. N.A.R., Inc., also known as North American Recovery, Inc. ("N.A.R."), which is a Utah corporation that maintains its registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

6. Mountain America has reported its trade line with account number 4291271XXXX ("Errant Trade Line Number 1") on Plaintiff's Experian and Equifax credit files with a balance of $7,813.00. Concurrently, North American Recovery has reported a similar trade line with account number 10865060190XXXX ("Errant Trade Line Number 2") related to the same debt, in the amount of $7,813.00 on Plaintiff's consumer credit files with Experian and Equifax. This double reporting of the same negative information is improperly and negatively affecting Plaintiff's credit score.

7. On or about August 29, 2014, Mr. Moosman obtained his Experian and Equifax credit files and noticed that both Mountain America and North American Recovery reported both Errant Trade Lines simultaneously.

8. On or about December 15, 2014, Mr. Moosman submitted a letter to Experian and Equifax, disputing the double reporting of Errant Trade Line Number 1 and Errant Trade Line Number 2.

9. Upon information and belief, Defendants Experian and Equifax transmitted Mr. Moosman's consumer dispute to Mountain America and N.A.R.

10. Mr. Moosman never received a response to the above dispute letters from Experian or Equifax, so on or about January 22, 2015, he submitted another letter to Experian and Equifax, again disputing the double reporting of both Errant Trade Lines.

11. Upon information and belief, Defendants Experian and Equifax transmitted Mr. Moosman's second consumer dispute to Mountain America and N.A.R.

12. On or about May 7, 2015, Mr. Moosman obtained his Experian and Equifax credit files and noticed that Mountain America and North American Recovery retained both trade lines with a balance of $7,813.00.  Further, North American Recovery failed to indicate that its trade line was disputed on Mr. Moosman's Equifax credit report, in violation of the FDCPA

# COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MOUNTAIN AMERICA

13. Plaintiff realleges the above paragraphs as if recited verbatim.

14. After being informed by Experian and Equifax of Mr. Moosman's consumer disputes to Errant Trade Line Number 1, Mountain America negligently failed to conduct a proper reinvestigation of Mr. Moosman's disputes as required by 15 USC 1681s-2(b).

15. Mountain America negligently failed to review all relevant information available to it and provided by Experian and Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian and Equifax to remove Errant Trade Line Number 1.

16. Errant Trade Line Number 1 is inaccurate and creates a misleading impression on Mr. Moosman's consumer credit file with Experian and Equifax to which it is reporting such trade line.

17. As a direct and proximate cause of Mountain America's negligent failure to perform its duties under the FCRA, Mr. Moosman has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

18. Mountain America is liable to Mr. Moosman by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

5

19. Mr. Moosman has a private right of action to assert claims against Mountain America arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Mountain America for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MOUNTAIN AMERICA

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. After being informed by Experian and Equifax that Mr. Moosman disputed the accuracy of the information it was providing, Mountain America willfully failed to conduct a proper reinvestigation of Mr. Moosman's dispute.

22. Mountain America willfully failed to review all relevant information available to it and provided by Experian and Equifax as required by 15 USC 1681s-2(b).

23. As a direct and proximate cause of Mountain America's willful failure to perform its respective duties under the FCRA, Mr. Moosman has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

24. Mountain America is liable to Mr. Moosman for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for

reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Mountain America for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY N.A.R.

25. Plaintiff realleges the above paragraphs as if recited verbatim.

26. After being informed by Experian and Equifax of Mr. Moosman's consumer disputes to Errant Trade Line Number 2, N.A.R. negligently failed to conduct a proper reinvestigation of Mr. Moosman's disputes as required by 15 USC 1681s-2(b).

27. N.A.R. negligently failed to review all relevant information available to it and provided by Experian and Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian and Equifax to remove Errant Trade Line Number 2.

Case 2:15-cv-00955-DGC   Document 1   Filed 05/27/15   Page 8 of 17

28. Errant Trade Line Number 2 is inaccurate and creates a misleading impression on Mr. Moosman's consumer credit file with Experian and Equifax to which it is reporting such trade line.

29. As a direct and proximate cause of N.A.R.'s negligent failure to perform its duties under the FCRA, Mr. Moosman has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

30. N.A.R. is liable to Mr. Moosman by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

31. Mr. Moosman has a private right of action to assert claims against N.A.R. arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against N.A.R. for damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY N.A.R.**

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. After being informed by Experian and Equifax that Mr. Moosman disputed the accuracy of the information it was providing, N.A.R. willfully failed to conduct a proper reinvestigation of Mr. Moosman's dispute.

34. N.A.R. willfully failed to review all relevant information available to it and provided by Experian and Equifax as required by 15 USC 1681s-2(b).

35. As a direct and proximate cause of N.A.R.'s willful failure to perform its respective duties under the FCRA, Mr. Moosman has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

36. N.A.R. is liable to Mr. Moosman for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against N.A.R. for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

# COUNT V

# VIOLATION OF THE FAIR DEBT

# COLLECTION PRACTICES ACT-N.A.R

37. Plaintiff reincorporates the preceding allegations by reference.

38. At all relevant times and in the ordinary course of its business, Defendant N.A.R. regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

39. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

40. Defendant N.A.R. is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

41. Defendant N.A.R.'s foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692e(8) by communicating to any person information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.  Defendant N.A.R. did this when it failed to identify its trade line on Mr. Moosman's Equifax credit report as "disputed."

42. The Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

## COUNT VI

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

43. Plaintiff realleges the above paragraphs as if recited verbatim.

44. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Moosman as that term is defined in 15 USC 1681a.

45. Such reports contained information about Mr. Moosman that was false, misleading, and inaccurate.

46. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Moosman, in violation of 15 USC 1681e(b).

47. After receiving Mr. Moosman's consumer disputes to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

48. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Moosman has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

49. Equifax is liable to Mr. Moosman by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

11

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

50. Plaintiff realleges the above paragraphs as if recited verbatim.

51. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Moosman as that term is defined in 15 USC 1681a.

52. Such reports contained information about Mr. Moosman that was false, misleading, and inaccurate.

53. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Moosman, in violation of 15 USC 1681e(b).

54. After receiving Mr. Moosman's consumer disputes to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

55. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Moosman has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

56. Equifax is liable to Mr. Moosman by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VIII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

57. Plaintiff realleges the above paragraphs as if recited verbatim.

58. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Moosman as that term is defined in 15 USC 1681a.

59. Such reports contained information about Mr. Moosman that was false, misleading, and inaccurate.

60. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Moosman, in violation of 15 USC 1681e(b).

61. After receiving Mr. Moosman's consumer disputes to the Errant Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

62. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Moosman has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

63. Experian is liable to Mr. Moosman by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT IX

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

64. Plaintiff realleges the above paragraphs as if recited verbatim.

65. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Moosman as that term is defined in 15 USC 1681a.

66. Such reports contained information about Mr. Moosman that was false, misleading, and inaccurate.

67. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Moosman, in violation of 15 USC 1681e(b).

68. After receiving Mr. Moosman's consumer disputes to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

69. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Moosman has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

70. Experian is liable to Mr. Moosman by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: May 20, 2015                         KENT LAW OFFICES


By:   */s/ Trinette G. Kent*
Trinette G. Kent
Attorneys for Plaintiff,
Christian Moosman